one question by which it is contended that the complaint and information in the case show that the offense alleged, if committed, was barred by the statute of limitation. We note that the information sets forth that the offense was committed on the 21st day of May, 1941, and the complaint was presented at the July-August Term, 1941. The burden of the argument seems to be that the file mark on the information shows it to be filed on July 22, 1931, instead of 1941. Reference to the file mark discloses that the printed figure "3" has written above it a "4". Taken in connection with the record of the case the trial court was justified in finding that it was actually filed in 1941 instead of 1931. Even though there be no evidence on the subject and no finding by the court that would apply to it, we are unable to see any aid given to his plea of limitation by this file mark. His objection should have been that the information was filed prior to the commission of the offense.

Appellant has failed to present a record which indicates the court was in error in overruling his motion. Hinson v. State, 51 Tex.Cr.R. 102, 100 S.W. 939; Fields v. State, 68 Tex.Cr.R. 606, 151 S.W. 1051.

The motion for rehearing is overruled.

Oscar Callaway, of Comanche, for appellant.

Spurgeon E. Bell, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

The offense is driving an automobile upon a public highway while intoxicated; the punishment, a fine of $50.

The record before us is without statement of facts or bills of exception.

Reversible error is not reflected by the record.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.